

FILED

9/17/2024

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No.   22 CR 0520 |
| | ) | |
| PAUL LA SCHIAZZA, | ) | Judge Robert W. Gettleman |

## JURY INSTRUCTIONS

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. I will also give each of you a copy of these instructions to use in the jury room. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

1

The charges against the defendant are in a document called an indictment. You will have a copy of the indictment during your deliberations.

First, the indictment in this case charges defendant Paul La Schiazza, as then-president of Illinois AT&T, with conspiring to commit bribery by corruptly agreeing to provide monetary payments to a third party for the benefit of a government official, namely Michael J. Madigan, in order to reward or influence Mr. Madigan in his official actions. Second, the indictment charges the defendant with committing bribery by corruptly providing monetary payments to a third party for the benefit of a government official, Mr. Madigan, in order to reward or influence Mr. Madigan. Third, the defendant is charged with use of an interstate facility to promote the alleged bribery. The defendant has pled not guilty to the charges. The defendant is presumed innocent of the charges and the government must prove guilt beyond a reasonable doubt.

The indictment is simply the formal way of telling the defendant what crimes he is accused of committing. It is not evidence that the defendant is guilty. It does not even raise a suspicion of guilt.

The defendant is presumed innocent of each and every one of the charges. This presumption continues throughout the case. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the defendant is guilty as charged.

The government has the burden of proving the defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

A defendant is never required to prove his innocence. He is not required to produce any evidence at all.

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the internet, social media, text messages, emails, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, and the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to. A stipulation is an agreement that certain facts are true.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

4

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

A defendant has an absolute right not to testify. You may not consider in any way the fact that a defendant did not testify. You should not even discuss it in your deliberations.

Part of your job as jurors is to decide how believable each witness was and how much weight to give each witness' testimony. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- the intelligence of the witness;

- the witness' ability and opportunity to see, hear, or know the things the witness testified about;

- the witness' memory;

- the witness' demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness' testimony in light of the other evidence presented; and

- inconsistent or consistent statements or conduct by the witness.

It is proper for an attorney to interview any witness in preparation for trial.

You have heard testimony from witnesses who received a benefit in return for their testimony. You may give these witnesses' testimony whatever weight you believe is appropriate, keeping in mind that you must consider that testimony with caution and great care.

Certain summaries were admitted in evidence. You may use those summaries as evidence even though the underlying documents are not here.

It is up to you to decide how much weight to give to the summaries.

Certain summaries were shown to you to help explain other evidence that was admitted. These summaries are not themselves evidence or proof of any facts. If they do not correctly reflect the facts shown by the evidence, you should disregard the summaries and determine the facts from the underlying evidence.

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

The indictment charges that the crimes happened "on or about" certain dates or "in or around" certain months. The government must prove that the crimes happened reasonably close to the dates and months alleged. The government is not required to prove that the crimes happened on those exact dates or months.

During this trial, you have been shown documents that contain redactions, meaning that some words, numbers, or images in those documents are not visible. Documents are redacted for a number of a reasons that have nothing to do with the merits of the case. You should not draw any inferences or conclusions from the fact that a document contains redactions.

You should not speculate as to why any other person or company whose name you may have heard during the trial or who is referenced in the indictment is not currently on trial before you.

The defendant has been accused of more than one crime. The number of charges is not evidence of guilt and should not influence your decision. You must consider each charge separately. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any other charge.

In deciding your verdict, you should not consider the possible punishment for the defendant. If you decide that the government has proved the defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

Any person who knowingly aids, counsels, commands, induces, or procures the commission of an offense may be found guilty of that offense if he knowingly participated in the criminal activity and tried to make it succeed.

If a defendant knowingly causes the acts of another, then the defendant is responsible for those acts as though he personally committed them.

If the defendant performed acts that advanced a crime but had no knowledge that a crime was committed or was about to be committed, those acts are not sufficient by themselves to establish the defendant's guilt.

The defendant's association with persons allegedly involved in a crime is not sufficient by itself to prove the defendant's participation in the crime or membership in the criminal scheme.

Count One of the indictment charges the defendant with conspiracy to commit bribery. In order for you to find the defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

1.      The conspiracy as charged in Count One existed;

2.      The defendant knowingly became a member of the conspiracy with an intent to advance the conspiracy; and

3.      One of the conspirators committed an overt act in an effort to advance a goal of the conspiracy.

An overt act is any act done to carry out a goal of the conspiracy. An overt act may itself be a lawful act. The government is not required to prove all of the overt acts charged in the indictment.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty.

A "conspiracy" is an express or implied agreement between two or more persons to commit a crime. A conspiracy may be proven even if its goals were not accomplished.

In deciding whether the charged conspiracy existed, you may consider all of the circumstances, including the words and acts of each of the alleged participants.

To prove that a conspiracy existed, the government must prove beyond a reasonable doubt that the defendant had an agreement or mutual understanding with at least one other person to commit bribery.

To be a member of a conspiracy, the defendant does not need to join it at the beginning, and he does not need to know all of the other members or all of the means by which the illegal goals of the conspiracy were to be accomplished. The government must prove beyond a reasonable doubt that the defendant was aware of the illegal goals of the conspiracy and knowingly joined the conspiracy.

A defendant is not a member of a conspiracy just because he or she knew and/or associated with people who were involved in a conspiracy, knew there was a conspiracy, and/or was present during conspiratorial discussions.

In deciding whether the defendant joined the charged conspiracy, you must base your decision only on what the defendant did or said. To determine what the defendant did or said, you may consider the defendant's own words or acts. You may also use the words or acts of other persons to help you decide what the defendant did or said.

A person acts knowingly if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all the evidence, including what the defendant did or said.

Count One charges that defendant conspired to commit two different offenses.

First, Count One charges a conspiracy to commit bribery by corruptly soliciting, demanding, accepting, or agreeing to accept bribes, that is monetary payments to Eddie Acevedo for the benefit of Michael J. Madigan in exchange for Speaker Madigan's official action in connection with the COLR legislation, in violation of § 666(a)(l)(B) of Title 18 of the United States Code. The offense of corruptly soliciting, demanding, accepting, or agreeing to accept a bribe is committed when:

1. A person is an agent of a State government;

2. That person solicits, demands, accepts, or agrees to accept something of value from another person;

3. That person does so corruptly, with the intent to be influenced or rewarded and knowing the thing of value would be given in exchange for performance of an official act related to some business, transaction or series of transactions of the government;

4. This business, transaction, or series of transactions involves a thing of value of $5,000 or more; and

5. The government, in a one-year period, received benefits of more than $10,000 under any Federal program involving a grant, contract, subsidy, loan, guarantee, or other assistance.

Second, Count One also charges a conspiracy to commit bribery by corruptly giving, offering, or agreeing to give things of value, that is giving, offering, or agreeing to give monetary payments to Eddie Acevedo for the benefit of Michael J. Madigan in exchange for Speaker Madigan's official act in connection with the COLR legislation, in violation of § 666(a)(2) of Title 18 of the United States Code. The offense of corruptly giving, offering, or agreeing to give a bribe is committed when:

1. A person gives, offers, or agrees to give things of value to another person;

2. That person does so corruptly with the intent to influence or reward an agent of State government in exchange for an official act related to some business, transaction, or series of transactions of the government;

3. This business, transaction, or series of transactions involved a thing with a value of $5,000 or more; and

4. The government, in a one-year period, received benefits of more than $10,000 under any Federal program involving a grant, contract subsidy, loan, guarantee, insurance, or other assistance.

A person acts "corruptly" when he acts with the understanding that his conduct is wrongful or unlawful.

As I previously instructed you, Count One charges defendant with a conspiracy to commit two different offenses:

1) Soliciting, demanding, accepting, or agreeing to accept a bribe, in violation of Section 666(a)(l)(B) of Title 18 of the United States Code; and

2) Giving, offering, or agreeing to give a bribe, in violation of Section 666(a)(2) of Title 18 of the United States Code.

In order to find a defendant guilty of conspiracy, you must unanimously find that there was an agreement to commit at least one of these two crimes, with all of you agreeing as to the particular crime. The government is not required to prove that defendant committed both of the crimes alleged in Count One.

For example, if some of you were to find that the government has proved beyond a reasonable doubt that defendant conspired to corruptly give a bribe, and the rest of you were to find that the government has proved beyond a reasonable doubt that defendant conspired to corruptly solicit or demand a bribe, then there would be no unanimous agreement on which conspiracy offense the government has proved. On the other hand, if all of you were to find that the government has proved beyond a reasonable doubt that defendant conspired to corruptly give a bribe, then there would be a unanimous agreement on which conspiracy offense the government proved.

29

Count Two of the indictment charges the defendant with committing bribery by corruptly giving, offering, or agreeing to give a thing of value, that is monetary payments to Eddie Acevedo for the benefit of Michael J. Madigan in exchange for Speaker Madigan's official action in connection with the COLR legislation, in violation of § 666(a)(2) of Title 18 of the United States Code. In order for you to find the defendant guilty of this count, the government must prove each of the following elements beyond a reasonable doubt:

1.     The defendant gave, offered, or agreed to give a thing of value to another person; and

2.     The defendant did so corruptly with the intent to influence or reward an agent of a State government in exchange for an official act related to some business, transaction, or series of transactions of the government; and

3.     This business, transaction, or series of transactions involved a thing of value of $5,000 or more; and

4.     That the State of Illinois, in a one-year period, received benefits of more than $10,000 under any Federal program involving a grant, contract subsidy, loan, guarantee, insurance or other assistance.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty of Count Two.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty of Count Two.

A person acts "corruptly" when he acts with the understanding that his conduct is wrongful or unlawful.

An "agent" is a person who is authorized to act on behalf of a government, including an employee, officer, or representative.

The agent need not have unilateral control over the business, transaction, or series of transactions; influence is sufficient.

A person acts knowingly if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all the evidence, including what the defendant did or said.

An act is an official act that is "in connection with some business, transaction, or series of transactions" if it is a formal exercise of governmental power on behalf of the State of Illinois.

An "official act" is a decision or action on, or an agreement to make a decision or take action on, a specific question or matter involving the formal exercise of government power which is pending or at any time may be pending before a public official in his official capacity.

A "question" or "matter" must involve a formal exercise of governmental power and must be something specific and focused.

A public official makes a decision or takes action on a question or matter when he uses his official position to exert pressure on another official to perform an official act, or to advise another official, knowing or intending that the advice will form the basis for an official act by another official.

A public official does not make a decision or take action on a matter if he does no more than set up a meeting, talk to another official, or organize an event.

Bona fide salary, wages, fees, or other compensation paid in the usual course of business do not qualify as a thing of value solicited, demanded, given, offered, or agreed to be given.

Counts Three, Four, and Five of the indictment each charge the defendant with using an interstate facility in aid of unlawful activity. In order for you to find the defendant guilty of these charges, the government must prove each of the following elements beyond a reasonable doubt as to the count under consideration:

1.     The defendant used or caused to be used a facility in interstate commerce; and

2.     The defendant did so with the intent to promote, manage, establish, or carry on an unlawful activity, or to facilitate the promotion, management, establishment, or carrying on of an unlawful activity; and

3.     Thereafter the defendant promoted, managed, established, or carried on an unlawful activity, or attempted to do so; or facilitated the promotion, management, establishment, or carrying on of an unlawful activity, or attempted to do so.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.

With regard to Counts Three, Four, and Five, the term "interstate commerce" means the use of an interstate facility, including an email account and its associated communications networks.

The use of an interstate facility must relate significantly to the illegal activity charged in the indictment; that is, the relationship must be more than minimal or incidental. The use of an interstate facility, however, need not be essential to the success of such illegal activity.

The defendant need not have contemplated or knowingly caused the use of an interstate facility.

In Counts Three, Four, and Five, the government has alleged that for each count, a single email was intended to promote multiple "unlawful activities," namely: (1) bribery, in violation of 720 ILCS 5/33-1(d); and (2) legislative misconduct, in violation of 720 ILCS 5/33-8. Count Three relates to an email sent by defendant on or about March 31, 2017, at approximately 9:47 a.m. Count Four relates to an email sent by defendant on or about April 26, 2017, at approximately 11:45 p.m. Count Five relates to an email sent to defendant on or about April 28, 2017, at approximately 8:35 a.m.

With respect to Counts Three, Four, and Five, the government is not required to prove that the unlawful activity was actually committed. Moreover, you need only find that an interstate facility was used in aid of at least one of the unlawful activities specified in each Count. However, you must unanimously agree on which unlawful activity defendant promoted or facilitated.

A person commits the offense of bribery under 720 ILCS 5/33-1(d) when:

1.  The person receives, retains, or agrees to accept any property or personal advantage from another party; and

2.  The person knew that the property or personal advantage was tendered or promised with intent to cause the person to influence the performance of any act related to the employment or function of a public officer or public employee.

This statute does not require that the act to be influenced ever be performed.

The term "tender" under Illinois law means any delivery or proffer made with the requisite intent.

A person commits the offense of legislative misconduct under 720 ILCS 5/33-8 when:

1.    A person is a member of the Illinois General Assembly; and

2.    The person knowingly accepts or receives, directly or indirectly, any money or valuable thing from a corporation, company, or another person; and

3.    The person accepts such money or valuable thing in exchange for any vote or influence the person might give or withhold on any bill, resolution, or appropriation, or for any other official act.

This statute does not require that the intended vote or the giving or withholding of influence ever be performed.

A person who acts on behalf of a corporation also is personally responsible for what he does or causes someone else to do. However, a person is not responsible for the conduct of others performed on behalf of a corporation merely because that person is an officer, employee, or other agent of a corporation.

An offense may be committed by more than one person. A defendant's guilt may be established without proof that the defendant personally performed every act constituting the crime charged.

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as telephone, cell phone, smart phone, iPhone, computer, text messaging, instant messaging, the internet, chat rooms, blogs, websites, or services like Facebook, LinkedIn, YouTube, Instagram, Snapchat, Twitter (now known as "X"), TikTok, or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury, and include the date and time. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.

43

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6–6, or 8–4, or whatever your vote happens to be.

A verdict form has been prepared for you. You will take this form with you to the jury room.

[Read the verdict form.]

When you have reached unanimous agreement, your foreperson will fill in, date, and sign the verdict form. Each of you will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdict aloud.

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re- examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

PAUL LA SCHIAZZA

No. 22 CR 520

Judge Robert W. Gettleman

## **VERDICT FORM**

On **Count One** of the indictment, we, the jury, find defendant Paul La Schiazza:

☐ Not Guilty ☐ Guilty

On **Count Two** of the indictment, we, the jury, find defendant Paul La Schiazza:

☐ Not Guilty ☐ Guilty

On **Count Three** of the indictment, we, the jury, find defendant Paul La Schiazza:

☐ Not Guilty ☐ Guilty

On **Count Four** of the indictment, we, the jury, find defendant Paul La Schiazza:

☐ Not Guilty ☐ Guilty

On **Count Five** of the indictment, we, the jury, find defendant Paul La Schiazza:

☐ Not Guilty ☐ Guilty

[Verdict Form continued on next page]

47

_____     _____
FOREPERSON

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

_____
Date