

FILED
10/14/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 22 CR 520 |
| v. | |
| PAUL LA SCHIAZZA | Hon. Robert W. Gettleman<br>District Court Judge |

### AGREEMENT TO DEFER PROSECUTION

The UNITED STATES OF AMERICA, by its attorney, ANDREW S. BOUTROS, United States Attorney for the Northern District of Illinois, the defendant, PAUL LA SCHIAZZA, and his attorney, TINOS DIAMANTATOS, hereby agree to the following:

Paul La Schiazza ("La Schiazza" or "defendant") has been charged by indictment with violations of Title 18, United States Code, Sections 371, 666(a)(2), 1952(a)(3) and 2. Defendant understands that he has a right to have his guilt or innocence of the charges determined by a jury of his peers under the terms of the Speedy Trial Act, Title 18, United States Code, Section 3161, *et seq.* By signing this agreement, La Schiazza agrees that, pursuant to Title 18, United States Code, Section 3161(h)(2), the period during which this prosecution is delayed pursuant to this Agreement is to be excluded in computing the time within which the trial in this case must commence under the Speedy Trial Act. La Schiazza knowingly waives his right to assert that his trial did not occur within the time limits prescribed by the Speedy Trial Act.

The United States Attorney will move the district court, pursuant to Title 18, United States Code, Section 3161(h)(2), to defer the prosecution of La Schiazza on the indictment for 12 months, for the purpose of allowing La Schiazza to continue to demonstrate his good conduct during this period. For the purpose of demonstrating his good conduct, La Schiazza agrees to abide by the conditions and requirements of this Agreement set out below.

### Conditions of Pretrial Diversion

1. La Schiazza shall not knowingly violate any federal or state law. La Schiazza shall immediately notify the United States Attorney's Office for the Northern District of Illinois if arrested.

2.     La Schiazza shall not obtain any additional firearms during the duration of the Agreement or apply for any new firearm owner's permits.

3.     La Schiazza shall pay a fine totaling $200,000 to the United States Clerk of Court within 30 days of all parties signing this agreement.

### Admissions by Paul La Schiazza

By signing this Agreement, La Schiazza admits the following facts and agrees that these admissions may be used against him in any proceeding:

La Schiazza acknowledges, for purposes of this Agreement, that on or about April 26, 2017, at approximately 11:45 p.m., at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere, he caused the use of a facility in interstate commerce, namely, an email account and associated communication network operated by AT&T, in order to facilitate Michael Madigan receiving a thing of value for a vote or influence that Michael Madigan could give or withhold on a bill, and thereafter, did perform an act to facilitate the promotion of said activity; in violation of Title 18, United States Code, Section 1952(a)(3) and 2.

Paul La Schiazza was the President of AT&T Illinois ("AT&T") from approximately 2006 through December 2018. In that role, La Schiazza was responsible for the company's regulatory, legislative, and community relations initiatives. AT&T's internal Legislative, External, and Regulatory Affairs team ("Legislative Affairs") reported to La Schiazza.

Between in or around 2010 and continuing through 2017, AT&T advocated for the passage of legislation in the Illinois General Assembly that would have made it easier to terminate its obligation to provide landline telephone services to Illinois residents, which was commonly referred to as the carrier of last resort ("COLR") obligation. Prior to 2017, multiple attempts by AT&T to pass COLR legislation had failed for various reasons, including lack of support from Michael J. Madigan. Madigan was a member of the Illinois General Assembly and the Speaker of the Illinois House of Representatives during this time. As Speaker of the House of Representatives, Madigan was able to exercise control over what measures were called for a vote in the House of Representatives and had influence over fellow lawmakers concerning legislation.

On February 14, 2017, La Schiazza was made aware that Madigan indicated a willingness to meet with La Schiazza to discuss the COLR legislation. La Schiazza responded to certain AT&T employees that "the moment of truth [was] approaching" because he believed that Madigan's support was important. On the same day, Michael McClain emailed a member of AT&T's Legislative Affairs team and inquired about "a

small contract" for Edward Acevedo, a former Illinois General Assembly member and political ally of Madigan.

Two days later, on February 16, 2017, La Schiazza emailed various AT&T employees stating that he had been contacted by McClain, who relayed that Madigan had assigned McClain to work on AT&T's 2017 COLR relief legislation as a "Special Project."

On March 28, 2017, La Schiazza emailed members of AT&T's Legislative Affairs team that he had received "a call" from McClain and inquired whether AT&T had money "set aside for a small contract for Eddie Acevedo." La Schiazza asked employees to "move quickly to get this done."

With La Schiazza's agreement, members of the Legislative Affairs team arranged for AT&T to indirectly pay Acevedo $2,500 per month for the last nine months of 2017. Specifically, on April 20, 2017, La Schiazza signed a contract amendment on behalf of AT&T that increased compensation to one of AT&T's external consulting firms by $2,500 per month for April 2017 through December 2017, with the intent that the firm would forward the additional money to Acevedo.

On April 26, 2017, La Schiazza learned from the Legislative Affairs team that Acevedo had rejected AT&T's initial offer of $2,500 per month and instead requested payments of $3,000 per month. At approximately 11:45 p.m., La Schiazza emailed AT&T Legislative Affairs employees stating, in part, "if we don't have the budget we don't have the budget – I would only go to $3,000 if we find that is what it takes to satisfy the other party." La Schiazza advised his team to "[t]ry to hold the line and see if he flinches – or we get bad feedback" from Madigan or McClain. La Schiazza acknowledges that the AT&T email account used to send this email was a facility in interstate commerce.

Acevedo ultimately accepted the agreement, and AT&T subsequently paid Acevedo, through its external consulting firm, $2,500 per month from approximately April to December 2017, for a total of $22,500.

Acevedo was hired in hopes of ensuring that Madigan and no one else impeded the pending COLR legislation.

On June 29, 2017, after the COLR legislation was added as an amendment to House Bill 1811, Madigan voted in favor of HB 1811. On or about July 1, 2017, this veto was overridden in the Illinois House and Senate with Madigan's and others' supporting votes.

3

## **Further Agreements Between the Parties**

If, at any point during the period of this Agreement, La Schiazza violates any condition of this Agreement, the United States Attorney may unilaterally revoke or modify any conditions of this Pretrial Diversion Agreement and/or change the period of supervision, which shall in no case exceed 12 months. The United States Attorney may release La Schiazza from supervision at any time. The United States Attorney may at any time within the period of La Schiazza's supervision reinitiate prosecution for this offense should La Schiazza violate the conditions of this Agreement. In this case, the government will furnish La Schiazza with notice specifying the conditions of the Agreement which La Schiazza has violated. Determination of whether La Schiazza has violated this Agreement shall be within the sole discretion of the United States Attorney.

If La Schiazza successfully completes this diversion program and fulfills all the terms and conditions of the Agreement, the government will move the Court to dismiss the indictment against La Schiazza.

La Schiazza understands this Agreement is a public document and may be disclosed to any party.

La Schiazza understands that pursuant to Title 18, United States Code, Section 3161(h)(2), this Agreement is subject to approval by the Court. Should the Court refuse to approve, and thereby reject, this Agreement, neither party shall be bound to any term of this Agreement, and no admissions in this Agreement may be used against La Schiazza.

## Waiver of Claims Arising From Delay

I, Paul La Schiazza, assert and certify that I am aware of the fact that the Sixth Amendment to the Constitution of the United States provides that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial. I also am aware that Rule 48(b) of the Federal Rules of Criminal Procedure provides that the Court may dismiss an indictment, information, or complaint for unnecessary delay in presenting a charge to the Grand Jury, filing an information, or in bringing a defendant to trial. I hereby request the United States Attorney for the Northern District of Illinois to defer any prosecution of me for violation of Title 18, United States Code, Section 1952 for the period of 12 months, and to induce the United States Attorney to defer such prosecution. I agree and consent that any delay from the date of this Agreement to the date of reinitiation of prosecution, as provided for in the terms expressed herein, shall be deemed to be a necessary delay at my request, and I waive any defense to such prosecution on the ground that such delay operated to deny my rights under Rule 48(b) of the Federal Rules of Criminal Procedure and the Sixth Amendment to the Constitution of the United States to a speedy trial or to bar the prosecution by reason of the running of the statute of limitations for a period of months equal to the period of this agreement.

La Schiazza acknowledges that he has read this Agreement and has carefully reviewed each provision with his attorney. La Schiazza and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement. La Schiazza further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

Paul La Schiazza  
Date: 10/13/2025

Tinos Diamantatos  
Attorney for Paul La Schiazza  
Date: 10/14/2025

Timothy J. Chapman  
Assistant U.S. Attorney  
Date: 10/14/25

5